USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/25/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
:
UNITED STATES OF AMERICA,                                        :
:
-against-                               :                22-CR-301 (VEC)
:
:                     ORDER
FREISES SANTANA,                                                 :
:
Defendant.                    :
:
-----------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

      WHEREAS on May 25, 2022, the parties appeared for an arraignment;

      WHEREAS Mr. Santana waived his right to be indicted;

      WHEREAS the Court arraigned Mr. Santana on the Information;

      WHEREAS Mr. Santana entered a plea of not guilty; and

      WHEREAS the parties requested that the Court schedule a change-of-plea hearing.

      IT IS HEREBY ORDERED that a change-of-plea hearing will be held on **Monday, June 13, 2022 at 10:30 A.M.**  The change-of-plea proceeding will be held in Courtroom 443 of the Thurgood Marshall United States Courthouse, located at 40 Foley Square, New York, New York 10007.

      IT IS FURTHER ORDERED that Mr. Santana must request an appointment with health services through the Metropolitan Detention Center's call-out system.  By no later than the end of the day today, **Wednesday, May 25, 2022**, the Government must contact the BOP to help arrange for Mr. Santana to be seen by an appropriate health care professional.  If Mr. Santana has not been seen by a health care professional by **Monday, May 30, 2022**, Defense counsel must inform the assigned AUSA and Chambers.

IT IS FURTHER ORDERED that time is excluded through **June 13, 2022**, under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the ends of justice served by taking such action outweigh the best interest of the public and the Defendant in a speedy trial given the logistical difficulties caused by COVID-19.

IT IS FURTHER ORDERED that this Order is entered, pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116–182, 134 Stat. 894 (Oct. 21, 2020), to confirm the Government's disclosure obligations under *Brady* v. *Maryland*, 373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating those obligations.

The Government must disclose to the defense all information "favorable to an accused" that is "material either to guilt or to punishment" and that is known to the Government. *Id.* at 87. This obligation applies regardless of whether the defendant requests this information or whether the information would itself constitute admissible evidence.  The Government shall disclose such information to the defense promptly after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of its case.

As part of these obligations, the Government must disclose any information that can be used to impeach the trial testimony of a Government witness within the meaning of *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny.  Such information must be disclosed sufficiently in advance of trial in order for the defendant to make effective use of it at trial or at such other time as the Court may order.[1]

The foregoing obligations are continuing ones and apply to materials that become known to the Government in the future.  These obligations also apply to information that is otherwise

---

[1]    This Order does not purport to set forth an exhaustive list of the Government's disclosure obligations.

subject to disclosure regardless of whether the Government credits it.

In the event the Government believes that a disclosure under this Order would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, it may apply to the Court for a modification of its obligations, which may include in camera review or withholding or subjecting to a protective order all or part of the information otherwise subject to disclosure.[2]

For purposes of this Order, the Government has an affirmative obligation to seek all information subject to disclosure under this Order from all current or former federal, state, and local prosecutors, law enforcement officers, and other officers who have participated in the prosecution, or investigation that led to the prosecution, of the offense or offenses with which the defendant is charged.

If the Government fails to comply with this Order, the Court, in addition to ordering production of the information, may:

(1) specify the terms and conditions of such production;

(2) grant a continuance;

(3) impose evidentiary sanctions;

(4) impose contempt or other sanctions on any lawyer responsible for violations of the Government's disclosure obligations, or refer the matter to disciplinary authorities;

(5) dismiss charges before trial or vacate a conviction after trial or a guilty plea; or

(6) enter any other order that is just under the circumstances.

IT IS FURTHER ORDERED that per the SDNY COVID-19 COURTHOUSE ENTRY PROGRAM, any person who appears at any SDNY courthouse must complete a questionnaire and have his or her temperature taken.  Only those individuals who meet the entry requirements

---

[2]    The Classified Information Procedures Act sets forth separate procedures to be followed in the event that the Government believes matters relating to classified information may arise in connection with the prosecution. *See* 18 U.S.C. app. 3 §§ 1 *et seq.*

established by the questionnaire will be permitted entry.  Additionally, any person who appears

at any SDNY courthouse must comply with Standing Order M10-468 (21-MC-164), which

further pertains to courthouse entry.

**SO ORDERED.**

**Date:  May 25, 2022**
        **New York, NY**

                                          **VALERIE CAPRONI**
                                          **United States District Judge**