# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63ʳᴰ FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL  212.763.0889
DIRECT EMAIL  shecker@kaplanhecker.com

September 19, 2022

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/19/2022

**MEMO ENDORSED**

**VIA ECF**

Hon. Valerie E. Caproni
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *United States v. Freises Santana*, No. 22-CR-301 (VEC)

Dear Judge Caproni:

We write pursuant to Rule 3 of this Court's Individual Practices in Criminal Cases on behalf of our client, Freisis Santana, who is scheduled to be sentenced before Your Honor on October 3, 2022.

In accordance with the Court's June 16, 2022 Order (Doc. No. 18), we are submitting today a pre-sentencing brief on behalf of Mr. Santana. That submission contains detailed information relating to Mr. Santana's history of addiction,  and attaches letters from individuals who have requested that certain information be redacted.

We respectfully request that Your Honor order the unredacted pre-sentencing submission, as well as Exhibits B and D to that submission, to be filed under seal pursuant to *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The government consents to this sealing request.[1]

The Second Circuit recognizes "the common law right of public access to judicial documents" and "the public and the press['s] . . . 'qualified First Amendment right to . . . access certain judicial documents.'" *Lugosch*, 435 F.3d at 119-20 (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)). It has also articulated a three-step process that courts follow to determine whether documents should be placed under seal. First, a court must decide whether the documents constitute "judicial documents" such that a presumption of public access applies. *See id.* at 119. Second, if the court determines that the documents at issue constitute "judicial documents," it must then determine the weight of the presumption of access. *Id.* Third,

---

[1] Consistent with Individual Rule 3, we are also emailing a copy of these documents and delivering courtesy copies with Chambers, with redactions highlighted in yellow.

**KAPLAN HECKER & FINK LLP**

2

after determining the weight of the presumption of access, the court must balance the competing considerations against it. *Id.* at 120. Countervailing factors "include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.*

Because the pre-sentencing submission and accompanying exhibits are relevant to the upcoming sentencing proceedings, they are judicial documents. *Id.* at 119 (judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process."); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case"). They also contain highly personal, sensitive, and embarrassing information regarding Mr. Santana's medical history and addiction ▮▮▮ and personal information of innocent third parties. Information that, if made public, could cause unnecessary embarrassment, ▮▮▮ or threaten the privacy interests of innocent third parties. All factors that "weigh more heavily against access." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995); *see also United States v. Sattar*, 471 F.Supp.2d 380, 387 (S.D.N.Y. 2006) (same). Further, the "privacy interests of innocent third parties ▮▮▮ "should weigh heavily in a court's balancing equation." *Application of Newsday, Inc.*, 895 F.2d 74, 79 (2d Cir. 1990) (quoting *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)); *see also Amodeo*, 71 F.3d at 1050. Here, Mr. Santana is deeply embarrassed by ▮▮▮ and has requested limited redactions to limit public embarrassment. In addition, innocent third parties have requested specific redactions to protect their privacy or the privacy of Mr. Santana's history of mental illness. And Mr. Santana has requested ▮▮▮

The Court should exercise its discretion and permit Mr. Santana's sentencing submission and Exhibits B and D to be filed with redactions.

Thank you for your consideration of this request.

Respectfully submitted,

*[signature]*

Sean Hecker

KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
Facsimile: (212) 564-0883
shecker@kaplanhecker.com

*Attorney for Freisis Santana*

KAPLAN HECKER & FINK LLP

3

cc: (by ECF)

Assistant United States Attorney Daniel H. Wolf

---

Application GRANTED.

SO ORDERED.

*Valerie Caproni* (signature)   09/20/2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE